IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 16-0043-WS |
| | ) |
| JAMES EDWARD CURRAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant James Edward Curran's Motion to Stay Additional Collection Actions and Relief (doc. 30). The Motion has been briefed and is now ripe for disposition.[1]

---

[1] Also pending is Curran's Motion to Appoint Counsel (doc. 37), wherein defendant requests appointment of counsel in his efforts to obtain relief from the Government's collection activities as to restitution previously ordered in this criminal case. Because this is not a critical stage of a criminal prosecution, Curran plainly has no Sixth Amendment right to counsel at this time. *See Barbour v. Haley*, 471 F.3d 1222, 1227 (11th Cir. 2006) (recognizing that Eleventh Circuit has "consistently held that there is no federal constitutional right to counsel in postconviction proceedings"). While the Fifth Amendment's due process clause has been "interpreted as requiring counsel to be appointed whenever 'fundamental fairness' would demand it," *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009) (citation omitted), there is nothing fundamentally unfair about Curran representing himself in connection with the Motion to Stay, given the straightforward nature of the issues presented and Curran's demonstrated ability to articulate his argument and grounds for relief. Finally, 18 U.S.C. § 3006A(c) provides that an indigent criminal defendant is entitled to appointed counsel during "ancillary matters appropriate to the proceedings;" however, a request for temporary stay of a restitution order does not qualify as an "ancillary matter" within the scope of § 3006A(c). *See, e.g., United States v. Davis*, 400 Fed.Appx. 538, 540-41 (11th Cir. Oct. 20, 2010) ("Davis's motion to modify or correct a restitution order … was not comprehended within the original action and is therefore not 'ancillary' to that proceeding. Consequently, § 3006A does not provide a statutory right to counsel in this case."). For all of these reasons, Curran's Motion to Appoint Counsel, which is predicated solely on defendant's contentions that the Government's 7¼ -page Response (doc. 32) is "lengthy," the victim has made "false and slanderous claims," and Curran "has a pending motion for restraining order," is **denied**. Appointment of counsel is required by neither the Constitution nor statute at this time, and all indications are that Curran is capable of adequately representing his own interests as to the Motion to Stay.

On March 21, 2016, defendant, James Edward Curran, entered a guilty plea in this action to one count of wire fraud, in violation of 18 U.S.C. § 1343. In connection with his guilty plea, Curran executed a Factual Resume in which he agreed that he had engaged in a fraudulent scheme (including wire communications and use of the internet) as administrator of the Boltz Pain and Wellness Center, pursuant to which he

> "… used his access to the Wellness Center operating account, payroll account and company credit card to redirect excessive payroll payments to himself, direct payments to a company credit card he was using for his own personal use, make unauthorized withdrawals from the Wellness Center's bank account and steal cash co-pays paid by patients of the Wellness Center. Defendant then in an attempt to conceal his theft, falsified or manipulated the Wellness Center's account records. Thereby, causing a loss to the Wellness Center of approximately $700,000.00."

(Doc. 2-1, at 2.) As reflected in the Amended Judgment in a Criminal Case (doc. 18) entered on August 16, 2016, Senior U.S. District Judge Butler sentenced Curran to serve a term of imprisonment of 33 months. As part of the sentence, Judge Butler ordered as follows: "The defendant shall make restitution to Boltz Pain and Wellness Center … in the total amount of $649,250." (Doc. 18, at 3.) The Judgment specified that "[r]estitution is due immediately and payable in full, and is to be paid through the Clerk, U.S. District Court." (*Id.* at 6.)

In the wake of Curran's sentencing and incarceration, the Government has taken steps to collect the restitution amount, as is its responsibility pursuant to 18 U.S.C. §§ 3612(c) and 3664(m). In particular, the Government garnished Curran's 401K retirement account through his employer (which is also the victim in this case, Wellness Center) to the tune of $152,169.35 in March 2017. (*See* doc. 29 & doc. 32-2.) The Government has also collected just over $4,750 in additional restitution funds via (i) the Treasury Offset Program, which subjects Curran's military retirement income to an offset towards restitution; and (ii) the Bureau of Prisons' Inmate Financial Responsibility Program. The combined total restitution amount collected by the Government to date is $156,921.28, leaving an unpaid restitution balance of $492,328.72.

Notwithstanding his incarceration, Curran still owns multiple properties that he purchased during the time of the subject criminal activity in this case, using fraudulently obtained funds belonging to Wellness Center. Those properties include, in part, a commercial property located at 119 S. Ann Street in Mobile, Alabama and approximately 62 acres of land in Millry, Alabama. The Government maintains that Curran has not voluntarily turned over any of these properties to be applied toward his restitution obligations; however, the Government also

indicates that it has recently secured a realtor "to work with defendant's wife to list the commercial property and Millry land for sale." (Doc. 32, at 3.)

The Government's efforts to sell the commercial property and the Millry land apparently formed the catalyst of Curran's "Motion to Stay Additional Collection Actions and Relief." In that Motion, which was filed *pro se*, Curran, who remains incarcerated and is serving the term of imprisonment imposed by Judge Butler, indicates that he expects to be released to a halfway house on August 27, 2018, and that in light of that development he "will soon nullify his POA whose burden has been carried by a despond[e]nt spouse." (Doc. 30, ¶¶ 1, 3.) Curran also states that he has "cooperated fully" with collection efforts to date, and that the Government's present efforts with regard to the commercial property at 119 South Ann Street implicate "personal and sentimental items owned by spouse prior to marriage with little or no monetary value." (*Id.*, ¶¶ 2, 4.) Based on these circumstances, Curran requests that this Court "stay any and all collections[] actions until 27 Aug 2018." (*Id.*)

By statute, "a sentence that imposes an order of restitution is a final judgment." 18 U.S.C. § 3664(*o*). Generally speaking, a restitution order may be modified only upon a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *See* 18 U.S.C. § 3664(k). No such change in circumstances is presented here; therefore, § 3664(k) is inapplicable. Curran's Motion appears to be invoking the inherent authority of a federal district court to stay proceedings. Unquestionably, district courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets and the course of particular litigation. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays in many circumstances"). A determination of whether a discretionary stay is appropriate "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

In considering how to exercise this discretion, the Court recognizes that more than two years ago, Curran was ordered to repay nearly $650,000 that he embezzled from Wellness Center while working for it in a position of trust and confidence. The Judgment specified that restitution was due immediately and payable in full. To date, however, Curran has paid less than a quarter of that restitution amount, even though he admittedly continues to hold significant assets (including multiple parcels of real property acquired with fraudulently obtained funds) that may be transferred or sold in order to pay down his obligation. Although Curran has not obstructed the Government's collection efforts under § 3612(c), he does not appear to have gone out of his way to further them either. For example, the Government shows that neither Curran nor his spouse has made any voluntary restitution payments.

No doubt Curran would prefer that the Government's present activities aimed at selling the commercial property on Ann Street and the land in Millry await his release to a halfway house in August. But he advances no persuasive reason why fairness or justice demands that outcome. There is no indication of Government abuse or overreaching, nor of any lack of capacity by Curran's spouse to facilitate those transactions.[2] In short, Curran has shown no prejudice that might warrant a stay of enforcement of the restitution order. On the other side of the coin, Curran's victim, Wellness Center, continues to grapple with the ramifications of his fraudulent conduct and has need of those restitution funds as soon as they might be collected.

Upon balancing the competing interests, the Court declines to exercise its discretionary authority to stay the Government's collection activities. The Motion to Stay Additional Collection Actions (doc. 30) and Motion to Appoint Counsel (doc. 37) are **denied**.

DONE and ORDERED this 11th day of April, 2018.

                                              s/ WILLIAM H. STEELE
                                              UNITED STATES DISTRICT JUDGE

---

[2] On the former point, Curran suggests that the South Ann commercial property "contains personal and sentimental items owned by spouse prior to marriage with little or no monetary value." (Doc. 30, ¶ 4.) But the Government expressly disclaims any "intention of seizing any property owned solely by defendant's wife prior to the marriage." (Doc. 32, at 7.) Moreover, the Government correctly points out that Curran's spouse will have adequate third-party remedies to preserve any interests she might have in commingled property that the Government may attempt to seize in its collection efforts. On the latter point, Curran characterizes his spouse as "despond[e]nt," but does not suggest she is incapable of managing this process effectively pursuant to the power of attorney he executed in her favor.